UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

RANDI SCHNEE,

    Plaintiff,

v.

HOLOGIC, INC.,
a Foreign Profit Corporation,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, RANDI SCHNEE ("Ms. Schnee" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("the FMLA"), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover from HOLOGIC, INC. ("HOLOGIC" or "Defendant") back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

**PARTIES, JURISDICTION, AND VENUE**

1. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

2. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, et seq.

3. This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as her FMLA/ADA claims.

4. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Palm Beach County, Florida.

5. Defendant is a foreign profit corporation that is located in Massachusetts and does business in Palm Beach County, Florida, and is therefore within the jurisdiction of this Court.

6. Plaintiff worked for Defendant in south Florida, based out of Palm Beach County, Florida, and therefore the proper venue for this case is the West Palm Beach Division of the Southern District of Florida.

7. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

8. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

9. Plaintiff is a disabled female. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because:

    a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of her disability or "perceived disability" by Defendant; and

b. Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of her disability or "perceived disability."

10. Defendant was at all times an "employer" as envisioned by the ADA as well as the FCRA.

**CONDITIONS PRECEDENT**

12. On or around September 16, 2020, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

13. More than 180 days have passed since the filing of the Charge of Discrimination.

14. On April 13, 2021, Plaintiff received the EEOC's Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

15. Plaintiff timely files this action within the applicable period of limitations against Defendant.

16. All conditions precedent to this action have been satisfied and/or waived.

**FACTUAL ALLEGATIONS**

11. Plaintiff worked for Defendant as a Surgical Sales Specialist in a territory consisting of southeast Florida and Collier County, Florida, from March 1, 2017, until her unlawful and retaliatory termination on September 11, 2020.

12. In late 2019 and early 2020, Ms. Schnee, who has had lower back issues in the past, began experiencing symptoms of a disabling serious health condition, specifically spinal instability

in her lumbar spine at L1/L2 and at L2/L3, with associated severe pain and radiculopathy down her right leg, as well as numbness, weakness, and impaired mobility.

13. In February of 2020, Ms. Schnee learned from her treating physicians that she would require surgery in order to treat and address her disabling serious health condition.

14. On or about February 26, 2020, Ms. Schnee disclosed her disability and serious health condition to HOLOGIC, and requested from HOLOGIC information about reasonable accommodations available, including a period of leave, in order to prepare for, undergo, and recuperate from back surgery to treat and address her disability and serious health condition.

15. In response, HOLOGIC failed to inform Ms. Schnee fully of her rights and obligations under the FMLA, failed to provide Ms. Schnee all requisite FMLA forms and paperwork, including leave application forms and medical certification forms.

16. HOLOGIC's failures discussed in Paragraph 14, *supra*, constituted unlawful FMLA interference, and are actionable.

17. Additionally, HOLOGIC failed to engage Ms. Schnee in the interactive process, as required by the FCRA and ADA, to ascertain what reasonable accommodations, would allow Ms. Schnee to perform the essential function of her position with HOLOGIC.

18. Due to the raging coronavirus/COVID-19 pandemic, Ms. Schnee's surgery, which was originally scheduled to take place in April of 2020, was postponed, and eventually scheduled for June of 2020.

19. Ms. Schnee took nine (9) weeks of leave, from June 11, 2020, through August 17, 2020, in order to have and begin recuperating from the surgery on her back, to treat and address her disabling, serious health condition.

20. Unbeknownst to Ms. Schnee, HOLOGIC had put her on its own unpaid leave that lacked the job protection offered by FMLA leave.

21. On August 27, 2020, a mere ten (10) days after Ms. Schnee's return to work at HOLOGIC from what should have been job protected FMLA leave, HOLOGIC informed Ms. Schnee that it had decided to terminate her employment, and that her termination date would be September 11, 2020.

22. HOLOGIC then terminated Ms. Schnee's employment, effective September 11, 2020.

23. HOLOGIC offered no cogent, non-discriminatory, non-retaliatory reason for taking adverse employment action against Ms. Schnee.

24. An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of her job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

25. Ms. Schnee is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of her job as a Surgical Sales Specialist.

26. Allowing Ms. Schnee to utilize a brief period of unpaid leave to undergo her procedures and begin her recuperation from same without penalty or negative repercussions, such as termination, would have been a reasonable accommodation.

27. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

28. The timing of Plaintiff's termination makes the causal connection between her attempted use of FMLA leave, her request for reasonable accommodation under the ADA/FCRA, and her termination sufficiently clear.

29. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the ADA/FCRA.

30. Defendant was aware of Plaintiff's ADA/FCRA-protected disability and need for accommodation.

31. "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B).

32. Defendant, however, being well aware of Plaintiff's condition, discriminated and retaliated against Plaintiff for taking time off work to seek treatment, and for requesting reasonable accommodation.

33. In short, despite the availability of reasonable accommodation under the ADA and FCRA, Defendant discriminated against Ms. Schnee based solely upon her disability.

34. At all times material hereto, Plaintiff was ready, willing, and able to perform her job duties and otherwise qualified for her position, with "reasonable accommodation."

35. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of her position, despite the fact that Plaintiff could perform same with reasonable accommodation.

36. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

37. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

38. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA/FCRA.

39. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during her employment. Therefore, she is protected class member as envisioned by the ADA and the FCRA.

40. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of her disability and/or "perceived disability.

41. In reality, Defendant's termination of Ms. Schnee stemmed from its discriminatory animus toward her very recent use of leave, which should have been protected FMLA leave, and her need for accommodation under the ADA/FCRA.

42. Such a discriminatory and unlawful termination is exactly the type of adverse employment action that the ADA, the FCRA, and the FMLA were intended to prevent.

43. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

44. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Ms. Schnee notifying HOLOGIC of her serious health condition, and in retaliation for Ms. Schnee attempting to utilize unpaid leave pursuant to the FMLA in order to treat and address same.

45. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

46. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

47. The timing of Plaintiff's use of what should have been protected FMLA leave, and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by Defendant.

48. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her utilization of what should have been protected FMLA leave.

49. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

50. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

51. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

52. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 4 through 8, 11 through 14, 17 through 23, and 41 through 51, above.

53. At all times relevant hereto, Plaintiff was protected by the FMLA.

54. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

55. At all times relevant hereto, Defendant interfered with Plaintiff by failing to inform her fully of her rights and obligations under the FMLA upon her disclosure of her serious health condition, by failing to provide her all requisite FMLA paperwork in response to her disclosure of her serious health condition, by its deceptive provision of unpaid leave that was not job-protected rather than job-protected FMLA leave, and by refusing to allow Plaintiff to exercise her FMLA rights freely.

56.     As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

57.     As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

58.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 4 through 8, 11 through 14, 17 through 23, and 41 through 51, above.

59.     At all times relevant hereto, Plaintiff was protected by the FMLA.

60.     At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

61.     At all times relevant hereto, Defendant retaliated against Plaintiff by terminating her employment for disclosing her serious health condition, for taking nine (9) weeks of unpaid leave, and for attempting to utilize FMLA leave.

62.     Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise her rights to take approved leave pursuant to the FMLA.

63.     As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

64. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

65. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 2, 4 through 6, 9 through 14, 17 through 43, and 49 through 51, above.

66. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

67. The discrimination to which Plaintiff was subjected was based on her disabilities and/or "perceived disabilities."

68. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

69. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

70. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

71. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT
## BASED ON DISABILITY

72. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 3 through 6, 9 through 14, 17 through 43, and 49 through 51, above.

73. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

74. The discrimination to which Plaintiff was subjected was based on her disabilities/handicaps, or "perceived disabilities."

75. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

76. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

77. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

78. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT V
## RETALIATION UNDER THE ADA BASED ON DISABILITY

79. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 2, 4 through 6, 9 through 14, 17 through 43, and 49 through 51, above.

80. Plaintiff was terminated within close temporal proximity of her request for reasonable accommodations.

81. Plaintiff's request for reasonable accommodations constituted protected activity under the ADA.

82. Plaintiff was terminated as a direct result of engaging in protected activity by requesting reasonable accommodations.

83. Plaintiff's request for reasonable accommodations, and her termination, are causally related.

84. Defendant's stated reasons for Plaintiff's termination are a pretext.

85. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

86. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

87. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

88. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### COUNT VI
### RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT
### BASED ON DISABILITY

89. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 3 through 6, 9 through 14, 17 through 43, and 49 through 51, above.

90. Plaintiff was terminated within close temporal proximity of her request for reasonable accommodations.

91. Plaintiff's request for reasonable accommodations constituted protected activity under the FCRA.

92. Plaintiff was terminated as a direct result of engaging in protected activity by requesting reasonable accommodations.

93. Plaintiff's request for reasonable accommodations, and her termination, are causally related.

94. Defendant's stated reasons for Plaintiff's termination are a pretext.

95. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary

losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

96. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

97. Plaintiff is entitled to recover her reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

98. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 14th day of June, 2021.

Respectfully Submitted,

*/s/ Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: **noah@floridaovertimelawyer.com**

*Attorneys for Plaintiff*